*288 DECLARATORY JUDGMENT OPINIO \ AFTER HEARING
ANGELA SHERIGAN, Judge.
This matter having come before the Court on a Request for Declaratory and Injunctive Relief, regarding the contract of Legislative Counsel Joseph Martin.
BACKGROUND:
On September 10, 2007 the Ogema and Joe Martin entered into a contract for legal services between the Little River Band of Ottawa Indians and Joseph Martin., and was signed by Ogema Romanelli and Joseph Martin, and ratified by the Council.
On April 14, 2008, the Ogema issued and served a letter of termination of contract upon Joseph Martin. On April 15, 2008 Mr. Martin was escorted out of the government building.
On April 16, 2008, Council filed a request for an Ex-Parte Temporary Restraining Order, which the Court granted and noticed a hearing for May 1, 2008.
On May 1, 2008, a hearing was held which resulted in the Temporary Restraining Order being continued and the parties requested additional time for filing of pleadings, which the Court granted.
On May 15, 2008, an Amended Verified Complaint for Declaratory and Injunctive Relief was filed. On June 5, 2008 the Answer to Complaint was filed. The final hearing was held on June 5, 2008.
OPINION
This Court has authority regarding declaratory and injunctive matters pursuant to Article XI, Section 2(a) to enforce rights and duties established by the Constitution and by the ordinances and resolutions of the Tribe.
This matter involves the attorney contract of Joseph Martin, Chief Legislative Counsel; specifically, does the Ogema have the authority to terminate the contract. The contract was signed on September 10, 2007, by Joseph Martin, and Ogema Romanelli, and was ratified by the Council. The terms of that contract, amongst other provisions, required Mr. Martin to maintain his license to practice law in the State of Illinois at all times, and to acquire a license to practice law in the State of Michigan within six months from the date of the contract, which would have been March 10, 2008.
The Ogema, issued a Notice of Termination of the contract to Mr. Martin for the reasons that upon information and belief, Mr. Martin’s license to practice law in the State of Illinois lapsed and that Mr. Martin had not obtained his license to practice law in the State of Michigan within the time frame as provided in the contact, six months, which is a breach of the contract. Council has admitted that the license in Illinois did lapse, but was corrected, and the Mr. Martin does not have a license to practice law in the State of Michigan.
When a contract is breached, either party to the contract may terminate the contract for the breach, if the breach is a material breach.[1]
The signatories to this contract were Ogema Romanelli, who executed the contract on behalf of the Tribe, and Joseph Martin.
Council argues that they are the intended beneficiary of the contract, and that because the contract states that Mr. Mar *289 tin would be under the control and supervision of the Council, it is the only one who can terminate the contract.
The Constitution states at Article IV, Section 7(e) as follows:
“Powers of the Tribal Council. The legislative powers of the Little River Band of Ottawa Indians shall be vested in the Tribal Council, subject to any express limitations contained in this Constitution. The Tribal Council shall have the power, including by wray of illustration, but not be limitation:
* ⅜ *
(e) To employ legal counsel, subject to the approval of the secretary of the Interior so long as such approval is required by federal law.”
Council argues that the above-cited provision vests Council with the sole and exclusive authority to hire legal counsel, and that the fact that the Ogema signed this contract was an anomaly. It is this Court’s opinion that Council overstates the meaning of this section of the Constitution. In fact, the language simply reflects the fact that at one time, all attorney contracts entered into by Indian Tribes were required to be submitted to the Secretary of Interior pursuant to 25 U.S.C 81 and the Secretary of Interior always required those submissions to be supported by resolutions from the applicable Tribe’s Council. This section, which w’as no doubt adapted from “boilerplate” language found in many Tribes’ Constitutions, simply reflects this prior requirement under federal law. The Court does not believe that contracts with legal counsel should be treated any differently from any other contract the Tribe may enter into. The Constitution vests the Ogema with the authority to execute contracts on behalf of the Tribe subject to ratification by the Council.
Evidence was presented that at least some contracts with prior legislative legal counsel were signed by the Council Speaker; however, those contracts are not in front of the Court in this case. In fact, the Council (or Mr. Martin, who is after all, an attorney), could have requested that the form of the contract with Mr. Martin be counter-signed by the Council Speaker and could have included terms that gave the Council the sole authority to terminate that contract. In absence of such language, the executive powers the Constitution vests in the Ogema would include the power to oversee the enforcement of contracts that are entered into on behalf of the Tribe. In this instance, the contract was executed by the Ogema on behalf of the Tribe and subsequently ratified by the Council.
DECLARATION:
This a unique case and one of first impression. The Court declares that in this specific case, the Ogema does have the authority to terminate the contract, as the Ogema is the signatory on the contract, thus making him a party to the contract, and for the reasons stated above.
The Court warns that this declaration is specific only to this contract and should not be interpreted as giving the Ogema the authority to terminate Legislative attorney contracts.

. The question of if there was a breach and if that breach was a material breach, is not before the court in this case, and thus will not be decided. The only issue before the Court in this case is whether or not the Ogema has the authority to terminate this contract.